UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 17-cv-51116
Honorable Linda V. Parker

v.

TONY PRICE,

    Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO GARNISHMENT**

On April 11, 2017, Defendant Tony Price ("Defendant") pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (*United States v. Price*, 16-cr-20602, ECF No. 48.) Defendant was sentenced to one-day time served and twelve months of supervised release. (*Price*, 16-cr-20602, ECF No. 48; ECF No. 60.) As part of his Plea Agreement and judgment, Defendant is required to pay $1,279,898.94 in restitution, which is joint and several. (*Price*, 16-cr-20602, ECF No 48 at Pg ID 149; ECF No. 60 at Pg ID 235.)

On August 14, 2017, the Government filed an application for writ of continuing garnishment. (ECF No. 1.) The request was submitted to the Michigan Department of Treasury to recover Defendant's future state income tax returns.

1

(*Id.*; ECF No. 6.) On September 12, 2017, Defendant filed a request for a hearing on the garnishment, and the Government filed a response on October 3, 2017. (ECF No. 4; ECF No. 6.) This Court held a hearing on Defendant's objection on October 11, 2017. Although Defendant received notice of the hearing, Defendant failed to appear. (ECF No. 5.)

## Applicable Law & Analysis

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, requires sentencing courts to order criminal defendants to pay restitution to their victims. "The MVRA, pursuant to § 3664(m)(1)(A)(I), 'provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means.'" *United States v. Jendo*, No. 13-50226, 2013 U.S. Dist. LEXIS 112610, at *3 (E.D. Mich. July 22, 2013). 28 U.S.C. § 3205(a) provides the Government with authority to enforce restitution orders through garnishments. Under these circumstances, a judgment debtor can object to a garnishment proceeding pursuant to 28 U.S.C. § 3202(d). Within twenty days[1] of receiving the notice described in section 3202(b), the judgment debtor may request a hearing to quash the garnishment. However, the garnishment hearing is limited to (1) valid claim exemptions, (2) postjudgment statutory compliance for issuing the garnishment, and (3) judgments entered by default. *Id.*

---

[1] The Government contends that Defendant's request was outside of the twenty day time period. (ECF No. 6 at Pg ID 26.)

Defendant has failed to articulate any statutory basis for relief from the garnishment and restitution order. Defendant's objection is based on his belief that the restitution should be paid by the "owner" because he did not "benefit financially in any way." (ECF No. 4.) He also references "several other employees" who were involved in the food stamp fraud and are not being forced to pay restitution. However, the Court has already recognized that Defendant's involvement in the food stamp fraud was minimal. (ECF No. 54.) Also, according to the Government, the "several other employees" Defendant references were not indicted. The conduct of individuals not indicted are not relevant to the Court. Notably, Defendant agreed to the payment of restitution in the amount of $1,279,898.94 when he pled guilty on April 11, 2017. (ECF No. 48 at Pg ID 149.)

Defendant has a monthly payment arrangement in place and has made one fifty dollar payment. However, the Government seeks Defendant's future state income tax refunds because the current payment arrangement is insufficient to meet Defendant's repayment obligations. Because income taxes from employment are not exempt from garnishment, the Government may seek additional means to enforce the restitution order. S*ee United States v. Henderson*, 2014 U.S. Dist. LEXIS 118618 (E.D. Mich. Aug. 26, 2014). Furthermore, "[o]ther courts have made clear that the government may seek a writ of garnishment requiring payments on a schedule that exceeds that previously ordered by the Court." *United*

3

*States v. Miller*, 588 F. Supp. 2d 789, 796 (W.D. Mich. 2007); *United States v. Ekong*, 518 F. 3d 285, 286 (5th Cir. 2007) (rejecting defendant's argument that "there was no justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments."); *United States v. Schwartz*, No. 09-cr-67, 2011 U.S. Dist. LEXIS 43110, at *12-13 (S.D. Ohio Jan. 14, 2011) (rejecting defendant's objection to restitution order). Moreover, restitution orders are final and may only be modified in limited circumstances—none of which apply in this case. *See* 18 U.S.C. § 3664(o).

Accordingly,

**IT IS ORDERED** that Defendant's Objection (ECF No. 4) is **DENIED WITH PREJUDICE**.

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: October 25, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 25, 2017, by electronic and/or U.S. First Class mail.

    s/ R. Loury
    Case Manager